## WILLIAM TODD *against* JOSEPH COLLINS.

### ON CERTIORARI.

1. Landlord not liable under the statute, (*Rev. Laws*, 146, *sec.* 1) for the act of his tenant, who by setting fire to his own woods consumes woods of his neighbors.

2. Justice bound to charge the jury upon a point of law, when called upon so to do.

The opinion of the court was delivered by Justice Ford.

*M'Ilvaine*, att'y for plaintiff.   *Woodruff*, for defendant.

FORD J.   William Todd made a lease, for five years, to one Joseph Turner, of a meadow, and an adjoining tract, from which the wood and timber had been taken off, and Turner, the tenant, was to clear up this tract, during his lease, as a compensation for the use of the whole.   The tenant employed one Evans to work at grubbing and burning the brush, who, through want of sufficient care, let his fire spread in the woods adjoining, where it consumed forty-eight cords of Mr. Collins' cord-wood, for which injury he sued William Todd, the landlord, on the statute, (*Rev. Laws* 146, *sec.* 1) which enacts, " that if any person shall wilfully set fire to his own woods, or to woods in his tenure or possession, whereby any other person shall be damnified in his property, the person offending shall be punished by fine, or imprisonment at hard labor, and shall pay double damages to the party injured."   It was contended, that the landlord was not liable for the act of his tenant by the words or meaning of this statute, and the justice was requested to charge the jury on this point, but he declined."   The jury found a verdict of $90 for the plaintiff; and now two reasons are assigned for a reversal of the judgment: first, because the justice refused to charge the jury; and second, because Todd, the landlord, was not liable under the statute.

1. An important question arose, whether a landlord is liable for the wilful act of a tenant in setting fire on the demised premises, under the provisions contained in the statute? and the justice, being called on, gave no opinion, one way or the other. " One of the most important duties of the court is, to expound the law to the jury for their instruction and guide, and this duty must in no way be evaded when the case requires it." 1 *South.* 362.

. It is manifest, that the landlord did not set the fire; it was done by Evans, under the procurement of Turner, the tenant; and whether Turner would be answerable, by imprisonment and double damages, for the carelessness of Evans, is not now to be considered, and much less to be decided. But suppose it to be the wilful act of Turner, the tenant, how does this inculpate Mr. Todd? was not Turner the owner for five years? He had a term that was his own, a will not subject to Todd's restraint, or amenable to his orders; he employed whomsoever he pleased, and was his own judge of fitness of weather for the business: hence it was neither the act, and much less the wilful act, of Mr. Todd, in any reasonable sense whatever. Beside all this, the act was drawn so as purposely to distinguish between landlord and tenant, and to include the latter, for it speaks of *his woods,* and likewise of *woods in his tenure.* It is the man who has woods in his *tenure,* and sets fire to them, that is made expressly liable, and the verdict is founded on an evident misconstruction of the statute.

Let the judgment be reversed.